Li v. Sessions

BIA
Poczter, IJ
A200 177 895

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

XIANGMEI LI,
> *Petitioner,*

> v.                                                 15-3205
>                                                    NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*\*

_____

FOR PETITIONER:        Wei Gu, Whitestone, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Douglas

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

E. Ginsburg, Assistant Director; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiangmei Li, a native and citizen of the People's Republic of China, seeks review of a September 16, 2015 decision of the BIA, affirming a May 27, 2014 decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiangmei Li,* No. A200 177 895 (B.I.A. Sept. 16, 2015), *aff'g* No. A200 177 895 (Immig. Ct. N.Y. City May 27, 2014).

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), and address only the adverse credibility determination, applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination for

2

substantial evidence).  In doing so, we assume the parties'
familiarity with the underlying facts and procedural history
of the case.

For applications such as Li's, governed by the REAL ID Act
of 2005, the agency may, "[c]onsidering the totality of the
circumstances," base a credibility finding on an asylum
applicant's "demeanor, candor, or responsiveness," the
plausibility of her account, and inconsistencies in her
statements and other record evidence "without regard to
whether" the inconsistencies go "to the heart of the applicant's
claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d
at 163-64.  "We defer . . . to an IJ's credibility determination
unless, from the totality of the circumstances, it is plain that
no reasonable fact-finder could make such an adverse
credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Further,
"[a] petitioner must do more than offer a plausible explanation
for [her] inconsistent statements to secure relief; [s]he must
demonstrate that a reasonable fact-finder would be *compelled*
to credit [her] testimony."  *Majidi v. Gonzales*, 430 F.3d 77,
80 (2d Cir. 2005) (emphasis in original) (internal quotation
marks and citations omitted).  By these standards, the agency's

3

adverse credibility determination is supported by substantial evidence.

Because Li claims that she was persecuted for owning a satellite television receiver, the IJ reasonably relied on the inconsistency between Li's statements and documentary evidence concerning the installation of that receiver. 8 U.S.C. § 1158(b)(1)(B)(iii). Specifically, Li's testimony and application state that her friend, Shun Hee, obtained and installed the receiver at her request, and that her husband had nothing to do with it. But her husband's letter reflects that *his* friend installed the receiver for him because he thought it would help with Li's depression, and that he knew it was illegal. Li offered no explanation for this inconsistency before the IJ. On appeal to the BIA and here, she asserts that the correct translation of her husband's letter was "a friend," not "his friend." This alleged translation error is not, however, an explanation that "a reasonable fact-finder would be *compelled* to credit." *Majidi*, 430 F.3d at 80 (emphasis in original).

Additional support for the IJ's adverse credibility finding is found in the omission from her husband's letter of a purported verbal warning he received from the police when he

4

paid the fine for Li's release from detention. *Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Although Li explained that the omission was attributable to her husband's lack of experience writing such letters and, in any event, inconsequential, an IJ may rely on "*any* inconsistency or omission in making an adverse credibility determination" and was not required here to credit that explanation, given that the letter recounted other threats. *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original); *Majidi*, 430 F.3d at 80.

The IJ also reasonably found aspects of Li's claim to be implausible. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."). Li testified that she alone was targeted for installing the satellite television receiver in her home, despite the fact that her husband also lived there and her mother owned the residence. The IJ was not required to credit Li's claim that, because she was the primary television-watcher, the police had no interest in questioning other family members. *Majidi*, 430 F.3d at 80.

5

The IJ's adverse credibility determination also reasonably relied on the absence of corroborating evidence. "An applicant's failure to corroborate [her] . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Li does not challenge the corroboration rulings in her brief, thereby abandoning the argument, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005), but it would fail on the merits in any event. Li did not provide a statement from the friend who allegedly installed the receiver, despite submitting other documentation from that individual. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The IJ also deemed the other corroborating statements and testimony upon which Li relied to be either conclusory or irrelevant, an assessment to which we defer. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Given the inconsistencies, the implausible testimony, and the lack of corroboration, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7